IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware Corporation; ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SHYASMIN BROWN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:04cv1038-A<br>)                      WO<br>)<br>)<br>) |

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application for Default Judgment by the Court, and good cause appearing therefor, it is hereby ORDERED and ADJUDGED that:

1. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Five Thousand Two Hundred and Fifty Dollars ($5,250.00).

2. Defendant shall pay Plaintiffs' costs of suit herein in the amount of Two Hundred Dollars ($200.00).

3. Defendant shall be and hereby is ENJOINED from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Quiet Storm," on album "Murda Muzik," by artist "Mobb Deep" (SR#293-229);

- "Suck My Dick," on album "The Notorious K.I.M.," by artist "Lil'Kim" (SR# 286-624);

- "Beep Me 911," on album "Supa Dupa Fly," by artist "Missy Elliot" (SR# 245-232);

- "He Wasn't Man Enough," on album "The Heat," by artist "Toni Braxton" (SR# 287-194);

- "Sweet Thing," on album "What's the 411?," by artist "Mary J. Blige" (SR# 149-212;

- "Jane Doe," on album "Songs in A Minor," by artist "Alicia Keys" (SR# 299-410);

- "Girls Dem Sugar," on album "Art and Life," by artist "Beenie Man" (SR# 284-383)

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DONE this 28th day of April, 2005.

                                              /s/ W. Harold Albritton  
                                              W. HAROLD ALBRITTON  
                                              SENIOR UNITED STATES DISTRICT JUDGE